Evan S. Day, Bar No. 283896
PERKINS COIE LLP
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Telephone: 858.720.5700
Facsimile: 858.720.5799

John S. Skilton, *Pro Hac Vice*
David J. Harth, *Pro Hac Vice*
David L. Anstaett, *Pro Hac Vice*
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663.7460
Facsimile: 608.663.7499

Attorneys for Defendant
PROMEGA CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC and INVITROGEN IP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PROMEGA CORPORATION, <br><br> Defendant. | Case No. 2012-CV-2987 JAH KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PROMEGA CORPORATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Date: May 28, 2013 <br> Time: 2:30 pm <br> Courtroom: 13B <br> Judge: Hon. John A. Houston |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................. 1

    A. The 1996 Patent Licensing Agreement and the '984 Patent ........................................................................................... 2

    B. The Arbitration Demand ...................................................................... 2

III. ARGUMENT ................................................................................................... 4

    A. Legal Standards .................................................................................... 5

    B. Count I of Plaintiffs' Complaint, Seeking a Declaration that the Parties' Licensing Dispute Should Be Resolved by Arbitration, Is Moot ....................................... 6

    C. Count II of Plaintiffs' Complaint, Seeking a Declaration That Plaintiffs' AuthentiFiler™ Products Are Licensed Under the '984 Patent and Thus Do Not Infringe, Is Unripe for Review ......................................... 8

    D. This Court Should Exercise its Discretion to Decline to Hear Plaintiffs' Declaratory Judgment Claims ................................................................................................ 11

IV. CONCLUSION ............................................................................................. 13

Memorandum of Points and Authorities in Support of Defendant Promega Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction

-i-

2012-CV-2987 JAH KSC

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Addington v. US Airline Pilots Assoc.*,
606 F.3d 1174 (9th Cir. 2010) ............................................................................ 10, 11

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) ...................................................................................................... 5

*Aydin Corp. v. Union of India*,
940 F.2d 527 (9th Cir. 1991) ..................................................................... 5, 10, 11

*Charles M. Brewer Ltd. Restated Pension Plan v. Reish Luftman McDaniel & Reicher PC*,
No. CV-11-02363-PHX-FJM, 2012 WL 129808 (D. Ariz. Jan. 17, 2012) ........... 9

*Colwell v. Dep't of Health & Human Servs.*,
558 F.3d 1112 (9th Cir. 2009) .................................................................................. 5

*Commc'n Workers of Am. v. S. Bell Tel. Co.*,
419 F.2d 1310 (5th Cir. 1970) .................................................................................. 7

*First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*,
CIV. 97-1069-R, 1997 WL 579165 (S.D. Cal. July 21, 1997) ............................. 12

*Gov't Emp. Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) (*en banc*) ............................................................. 12

*Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*,
793 F. Supp. 233 (C.D. Cal. 1992) ......................................................................... 13

*Huth v. Hartford Ins. Co.*,
298 F.3d 800 (9th Cir. 2002) .............................................................................. 6, 11

*Kokkonen v. Guardian Life Ins. Co.*,
511 U.S. 375 (1994) ...................................................................................................... 5

*Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*,
586 F.2d 143 (9th Cir. 1978) .................................................................................... 9

*McNutt v. General Motors Acceptance Corp.*,
298 U.S. 178 (1936) ...................................................................................................... 5

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ............................................................................................ 5

*Pasquale v. Citibank (South Dakota), N.A.*,
 No. C 11-4299 PSG, 2011 WL 5574946 (N.D. Cal. Nov. 16, 2011) ..................... 7

*Savage v. Glendale Union High School*,
 343 F.3d 1036 (9th Cir. 2003) ............................................................................. 6

*Sparling v. Hoffman Const. Co., Inc.*,
 864 F.2d 635 (9th Cir. 1988) ............................................................................... 9

*St. Clair v. City of Chico*,
 880 F.2d 199 (9th Cir. 1989) ............................................................................... 5

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*,
 819 F.2d 746 (7th Cir. 1987) ............................................................................. 12

*Texas v. United States*,
 523 U.S. 296 (1998) .......................................................................................... 11

*Transcore, LP v. Northern Lakes Data Corp.*,
 No. 08CV0717-LAB (RBB), 2008 WL 2489836 (S.D. Cal. June 18, 2008) ................................................................................................................ 7

*Wilton v. Seven Falls Co.*,
 515 U.S. 277 (1995) ..................................................................................... 6, 11

**STATUTES**

28 U.S.C. § 2201 ........................................................................................................ 5

## I. INTRODUCTION

This is an action for declaratory judgment. Plaintiffs request declarations that (*i*) a patent licensing dispute between the parties is subject to binding arbitration, and (*ii*) plaintiffs' position on the merits of the dispute subject to arbitration is correct. Neither declaratory judgment claim is justiciable, so both must be dismissed for lack of subject matter jurisdiction. Moreover, even were this Court to find a justiciable controversy, it should exercise its substantial discretion under the Declaratory Judgment Act to decline to hear plaintiffs' claims.

Plaintiffs filed this suit before defendant Promega Corporation ("Promega") had even received or had the opportunity to consider plaintiffs' demand for arbitration. Nevertheless, as explained below, Promega has unconditionally agreed to arbitrate the parties' licensing dispute. Accordingly, plaintiffs' first claim for declaratory relief is moot—the parties are proceeding to arbitration and there is simply no dispute on that score for the Court to resolve. In the second claim, plaintiffs paradoxically ask the Court to declare that the position they intend to press in the impending arbitration is substantively correct. But as plaintiffs have conceded, whether or not their position on the merits of the licensing dispute is correct is an issue to be decided in arbitration. Accordingly, plaintiffs' second claim for declaratory relief is either moot or unripe for judicial review. Either way, subject matter jurisdiction is absent.

For the reasons discussed below, Promega respectfully asks this Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, or to decline to hear plaintiffs' declaratory judgment claims.

## II. BACKGROUND

Plaintiffs seek two declaratory judgments in this action. First, plaintiffs seek a declaration that a patent licensing dispute between plaintiff Invitrogen IP Holdings, Inc. ("IIPH") and Promega "should be addressed in binding arbitration" pursuant to the provisions of a 1996 patent licensing agreement ("the 1996

Agreement"). Compl. ¶ 35. Second, plaintiffs seek a judicial declaration that, under their interpretation of the scope of the 1996 Agreement, they have a license to a patent covered by that agreement, and the license renders non-infringing plaintiffs' new products, called AuthentiFiler™, that are used for "cell line authentication/identification" purposes. Compl. ¶¶ 21-22, 37. Thus, plaintiffs perversely seek a declaration that the parties' licensing dispute should be decided in binding arbitration *and* a judicial declaration that plaintiffs' position on the merits of that very dispute is correct.

### A.   The 1996 Patent Licensing Agreement and the '984 Patent

The 1996 Agreement concerns, *inter alia*, U.S. Patent No. Re 37,984 ("the '984 patent"), which is entitled "Process for Analyzing Length Polymorphisms in DNA Regions." Compl. ¶ 2; Day Decl. at Ex. 1 (copy of '984 patent).[1] More specifically, the '984 patent relates to the analysis of STR (short tandem repeat) loci for genetic analysis. Genetic analysis using STRs has a host of applications in, for example, research, forensics, paternity determination and medicine. *See, e.g.*, Compl. ¶¶ 18-19. The 1996 Agreement grants Promega certain exclusive rights to the '984 patent. *See, e.g., id.* ¶ 15. Plaintiff IIPH also retains certain rights to the '984 patent under the agreement. The parties dispute the scope of the rights that plaintiff IIPH and its affiliates retain in the '984 patent under the terms of the 1996 Agreement.

### B.   The Arbitration Demand

The 1996 Agreement contains an arbitration clause applicable to "controversies or disputes arising out of or relating to" the agreement. *See* Compl. ¶ 22. In the complaint, plaintiffs "ask[] the Court to declare that the instant licensing agreement dispute should be addressed in binding arbitration." Compl. ¶ 26. On December 17, 2012, the same date plaintiffs filed the complaint in this

---

[1] The '984 patent is also referred to as "the Tautz patent" for the name of the second listed inventor, Diethard Tautz.

action, plaintiff IIPH sent Promega a letter demanding arbitration of the question whether, "pursuant to the terms of the June 19, 1996 License Agreement" IIPH "and its affiliates remain licensed to practice" the '984 patent "for cell line authentication/identification uses." Day Decl. Ex. 2.[2]  In particular, as in its complaint, in the letter IIPH demanded to arbitrate the question whether it retained rights under the 1996 Agreement sufficient to cover its new AuthentiFiler™ products. *See id.*

On January 4, 2013, Promega wrote to IIPH seeking additional information necessary to determine whether there was "an arbitrable dispute concerning the AuthentiFiler™ products" and to establish "the parameters of that dispute." Day Decl. Ex. 3 (1/4/13 letter from Harth to Reines). On January 18, 2013, plaintiff IIPH responded by letter.  IIPH reiterated that it "demanded arbitration of the specific question of whether [it] and its affiliates remain licensed to practice U.S. Patent No. Re 37,984 for cell line authentication/identification uses under the" 1996 Agreement.  Day Decl. Ex. 4 (1/18/2013 letter from Reines to Harth). IIPH contended that the questions posed in Promega's January 4 letter were "irrelevant" to the arbitration demand, but stated that "even if such information was needed by Promega to assess arbitrability," the information could be found in plaintiffs' December 17, 2012 complaint filed in this Court, on plaintiff Life Technology Corporation's ("Life Tech") website, in "other publically available materials," and in the 1996 Agreement itself.  *Id.*  Finally, IIPH stated that in view of what it deemed "Promega's non-response to the Arbitration Demand," IIPH would refuse "to name an arbitrator on January 25th (which would otherwise be the deadline for the exchange of such information pursuant to the License Agreement)."  *Id.*

On February 19, 2013, Promega filed a suit for patent infringement against Life Tech and Applied Biosystems, LLC ("ABLLC"), in the United States District Court for the Western District of Wisconsin, alleging that the defendants'

---

[2] Promega did not receive the arbitration demand until December 26, 2012.

1   AuthentiFiler™ products directly infringe the '984 patent and that defendants
2   induce infringement of that patent. Day Decl. Ex. 5 (Wisconsin complaint). On
3   February 28, 2013, IIPH again wrote Promega. Day Decl. Ex. 6 (2/28/2013 letter
4   from Reines to Harth). IIPH took note of the filing of the Wisconsin suit, and
5   reiterated its demand that IIPH and Promega arbitrate "the rights retained by IIPH,
6   and its affiliates . . . [to] the Tautz Patent and the scope of the rights exclusively
7   licensed to Promega under the 1996 Agreement." *Id*.

8   On the following day, Promega responded to IIPH's arbitration demand.
9   Day Decl. Ex. 7 (3/1/2013 letter from Harth to Reines). Specifically, Promega
10  stated that it "agree[d] to arbitrate any and all disputes regarding the scope of rights
11  under the 1996 License Agreement and will not pursue the new Wisconsin action
12  until the arbitration has been resolved." *Id*. Promega also agreed "to join [the
13  Wisconsin defendants] in seeking a stay of the new Wisconsin action pending
14  resolution of the arbitration." *Id*.[3] Consistent with this commitment, on April 10,
15  2013, Promega, Life Tech and ABLLC jointly moved the Wisconsin district court
16  for a stay pending arbitration. Day Decl. Ex. 8. As the parties acknowledged in
17  their joint stay motion, the "imminent arbitration proceedings pursuant to the June
18  1996 License Agreement will address the scope of rights that IIPH and each of the
19  parties to [the Wisconsin] action have in the Tautz Patent." *Id*. at ¶ 2.

20  **III.   ARGUMENT**

21  This Court lacks subject matter jurisdiction over plaintiffs' claims for
22  declaratory relief. The claims should therefore be dismissed pursuant to Fed. R.
23  Civ. P. 12(b)(1). The claims in plaintiffs' complaint have been either mooted by
24  Promega's unconditional agreement to arbitrate disputes related to the scope of the
25  parties' rights under the 1996 Agreement, or are unripe for judicial review.

---

[3] In its March 1 letter, Promega also told IIPH that in light of the parties' express agreement to arbitrate, Promega "believe[d] that the litigation involving the Tautz patent in the Southern District of California is moot and should be dismissed." Day Decl. Ex. 7.

Moreover, even if the Court were to conclude that subject matter jurisdiction exists, it should exercise its discretion to decline to hear plaintiffs' declaratory judgment claims.

**A.  Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed where the court lacks subject matter jurisdiction over the claims. The Declaratory Judgment Act, which governs both of plaintiffs' claims in this case, expressly requires that an "actual controversy" exist before a court may decide whether to grant declaratory relief. 28 U.S.C. § 2201. "The 'actual controversy' requirement of the Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991) (internal quotations and citation omitted); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("[T]he phrase 'case of actual controversy' in the Act refers to the types of 'Cases' and 'Controversies' that are justiciable under Article III."). "A justiciable controversy is … distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). Additionally, "[i]n order for a case to be justiciable under Article III of the Constitution, it must be ripe for review." *Aydin Corp.*, 940 F.2d at 528.

The plaintiff bears the burden of proving facts establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit 'affidavits or any other evidence properly before the court. … It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880

F.2d 199, 201 (9th Cir. 1989) ("The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the [jurisdictional] issue, even if it becomes necessary to resolve factual disputes.")); *see also Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("In evaluating [a] Rule 12(b)(1) motion to dismiss" the court may "look beyond the complaint" to affidavits and other evidence).

Quite apart from the jurisdictional mandates of Article III, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). *See also Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002) (the "exercise of jurisdiction under the Federal Declaratory Judgment Act is committed to the sound discretion of the federal district courts"). Thus, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282; *Huth*, 298 F.3d at 802. Indeed, the "statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of law in which concepts of discretion surface." *Wilton*, 515 U.S. at 286-87.

**B.   Count I of Plaintiffs' Complaint, Seeking a Declaration that the Parties' Licensing Dispute Should Be Resolved by Arbitration, Is Moot**

In Count I of the complaint, plaintiffs seek a "judicial declaration that the instant licensing agreement dispute should be addressed in binding arbitration pursuant to Section 22.0 of the June 1996 Licensing Agreement." Compl. ¶ 35. Promega has unconditionally agreed to arbitrate that dispute, rendering Count I of the complaint moot. Specifically, in response to plaintiff IIPH's demand for arbitration, which was served simultaneously with the complaint in this case, Promega has "agree[d] to arbitrate any and all disputes regarding the scope of rights

under the 1996 License Agreement." Day Decl. Ex. 7. Promega has also agreed to stay, pending the outcome of the arbitration, its own action filed in the Western District of Wisconsin which involves, *inter alia*, the scope of the parties' rights under the 1996 Agreement.[4] *Id.* at Ex. 5.

Claims seeking a declaration that a dispute is subject to arbitration are rendered moot by the parties' voluntary agreement to arbitrate. *Transcore, LP v. Northern Lakes Data Corp.*, No. 08CV0717-LAB (RBB), 2008 WL 2489836, at *2 (S.D. Cal. June 18, 2008) (dismissing as moot claim for declaration of arbitrability where "[a]ny dispute that may have existed over whether the obligation to arbitrate governs the issued presented in the Complaint appears to have been resolved"); *Pasquale v. Citibank (South Dakota), N.A.*, No. C 11-4299 PSG, 2011 WL 5574946, at *3 (N.D. Cal. Nov. 16, 2011) (where defendant agreed to arbitrate, plaintiffs suit to compel arbitration dismissed as moot because "there is no active case or controversy for the court to adjudicate. The court is thus without subject matter jurisdiction to adjudicate [plaintiff's] claims."); *Commc'n Workers of Am. v. S. Bell Tel. Co.*, 419 F.2d 1310, 1311 (5th Cir. 1970) (where complaint sought declaration of arbitrability and the defendant "offered, and continues to offer, to arbitrate" any "further relief by this court would be an advisory opinion prohibited by the United States Constitution, Article III, § 2").

Plaintiffs do not appear to disagree. In support of its pending motion to compel arbitration, plaintiff IIPH states the following:

> Plaintiffs' Complaint includes just two requests for relief. First, it includes a request for declaratory judgment that the dispute between the parties should be arbitrated. The arbitration will resolve this question conclusively and no further litigation will be necessary.

---

[4] Promega's claims in that suit are broader than plaintiffs' claims here, and the arbitration panel's decision will therefore not be dispositive of all issues in Promega's suit in the Western District of Wisconsin.

Mem. of Points and Authorities in Supp. of Plf. Invitrogen IP Holdings, Inc.'s Mot. to Compel Arbitration & Stay the Pending Litigation ("Plf. IIPH's Mot. to Compel Arbitration"), Dkt. 11-1, at 14. Thus, now that the parties have expressly agreed to arbitration, "no further litigation will be necessary" with respect to Count I of the complaint. *Id.*

Although in its moving papers plaintiff IIPH contends a court order compelling arbitration is necessary because "Promega's agreement to arbitrate *appeared* conditioned on Plaintiffs first agreeing to certain terms regarding the venue for any post-arbitration litigation among the parties regarding the Tautz patent," *id.* at 8 (emphasis added), this is simply not the case. To the contrary, Promega has "agree[d] to arbitrate any and all disputes regarding the scope of rights under the 1996 License Agreement." Day Decl. Ex. 7. While Promega takes the position that any proceedings following the arbitration should be venued in Wisconsin, its agreement to arbitrate is not now—and never has been—contingent on plaintiffs agreeing with that position.[5] Accordingly, Count I of the complaint must be dismissed as moot.

### C. Count II of Plaintiffs' Complaint, Seeking a Declaration That Plaintiffs' AuthentiFiler™ Products Are Licensed Under the '984 Patent and Thus Do Not Infringe, Is Either Moot or Unripe for Review

---

[5] In support of its pending motion to compel arbitration, plaintiff IIPH intimates that Promega's agreement to stay its Wisconsin action pending arbitration is similarly contingent "on Plaintiffs first agreeing that any post-arbitration litigation take place in Wisconsin." Plf. IIPH's Mot. to Compel Arbitration, Dkt. 11-1 at 8. This too is incorrect, as evidenced by the parties' jointly-filed motion to stay the Wisconsin action. *See* Day Decl. Ex. 5. Moreover, plaintiff IIPH's brief in support of its motion to compel arbitration is internally inconsistent on this point. IIPH first argues that arbitration must be compelled because the agreement to stay the Wisconsin case "appear[s]" to be merely conditional, Plf. IIPH's Mot. to Compel Arbitration at 8, but argues later in the same brief that a stay of this action is appropriate because "Promega has even agreed to join Life in seeking a stay of its recently filed Wisconsin action pending resolution of the arbitration." *Id.* at 14 n.6. Plaintiffs cannot have it both ways.

In Count II of the complaint, plaintiffs seek a declaratory judgment that pursuant to the 1996 Agreement they retain a license under the '984 patent for "cell line authentication/identification" uses, and that the retained license is sufficient to render plaintiffs' new AuthentiFiler™ products non-infringing. Compl. ¶ 37; *see also* Plf. IIPH's Mot. to Compel Arbitration, Dkt. 11-1 at 14. Plaintiffs thus take the paradoxical position that they are entitled to a declaratory judgment from this court that the position they intend to press in the arbitration—that under the terms of the 1996 Agreement they are licensed to practice the '984 patent for "cell line authentication/identification" uses—is correct.

On the one hand, plaintiffs appear to concede that Count II is moot now that the parties have agreed to arbitrate this dispute. As plaintiffs candidly acknowledge in their motion to compel arbitration, the arbitration "will determine the scope of Promega's limited exclusive rights—and by extension, the scope of the rights retained by IIPH and its affiliates," and therefore by definition "the arbitration determination will address the second claim for relief in Plaintiffs' Complaint." Plf. IIPH's Mot. to Compel Arbitration, Dkt. 11-1 at 14; *see also id*. at 14 n.6 (stating that "at a minimum, the arbitration will have a very strong, if not dispositive, effect on" plaintiffs' claim for a declaration of non-infringement).

If, as plaintiffs contend, the arbitration will be dispositive of their request for a declaration of non-infringement, then the parties' agreement to arbitrate that dispute has rendered Count II of plaintiffs' complaint moot. *Cf. Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (dismissing plaintiffs' claims that were subject to arbitration); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147-48 (9th Cir. 1978) (upholding summary dismissal of plaintiffs' claims where "[t]he language contained in the arbitration provision is sufficiently broad to bar all of plaintiff's claims"); *Charles M. Brewer Ltd. Restated Pension Plan v. Reish Luftman McDaniel & Reicher PC*, No. CV-11-02363-PHX-FJM, 2012 WL 129808, at *2 (D. Ariz. Jan. 17, 2012) (dismissing claims subject to

arbitration). On the other hand, if plaintiffs now contend that the arbitration may not to be dispositive (a situation hard to imagine at this juncture), whatever aspects of Count II might remain for this Court to resolve are a matter of pure speculation. In this circumstance, Count II of plaintiffs' complaint is not ripe for judicial review.

As the Court of Appeals for the Ninth Circuit has observed, "Article III requires that there be a substantial controversy … *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Aydin Corp.*, 940 F.2d at 528 (citation and internal quotations omitted) (emphasis added by the Ninth Circuit). "To determine whether a case is ripe, we consider two factors: the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration." *Addington v. US Airline Pilots Assoc.*, 606 F.3d 1174, 1179 (9th Cir. 2010) (citations and internal quotations omitted). "A question is fit for decision when it can be decided without considering 'contingent future events that may or may not occur as anticipated, or indeed may not occur at all.'" *Id*. (citation omitted). "'To meet the hardship requirement, a litigant must show that withholding review would result in 'direct and immediate' hardship and would entail more than possible financial loss.'" *Id*. at 1180 (citation omitted).

In *Aydin Corp.*, the plaintiff sought a declaratory judgment that any future award against it stemming from an arbitration underway in India would be unenforceable in the United States. 940 F.2d at 527. The district court dismissed the declaratory judgment claim on ripeness grounds, and the court of appeals affirmed, concluding there was no subject matter jurisdiction. *Id.* The declaration requested by the plaintiff was too "speculative" because, among other things, it was unclear which party would prevail in the arbitration. *Id*. at 528. Indeed, if the plaintiff prevailed in the Indian arbitration, there would be "no award to enforce." *Id*.

Here too, whether plaintiffs will ultimately be entitled to the declaration they seek in Count II of the complaint is entirely speculative because that question is to

be resolved in binding arbitration. Although plaintiffs may believe they will prevail in the impending arbitration, certainly if *Promega* prevails plaintiffs will not be entitled to "a judicial declaration that [plaintiffs] have retained all rights in the June 1996 License Agreement and under the '984 patent related to cell line authentication/identification" uses sufficient to immunize AuthentiFiler™ from infringement liability. Compl. ¶ 37; *see Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citation and internal quotations omitted); *Addington*, 606 F.3d at 1179 (same). Because plaintiffs admit that "the arbitration determination will address the second claim for relief in Plaintiff's Complaint," Plf. IIPH's Mot. to Compel Arbitration, Dkt. 11-1 at 14, the request for a declaratory judgment in plaintiffs' favor on that very issue is not fit for judicial decision and "this case's time has not yet come." *Aydin Corp.*, 940 F.2d at 528. Likewise, plaintiffs will suffer no "direct and immediate" hardship by waiting until the conclusion of the very arbitration proceeding that plaintiff IIPH initiated before bringing suit, a fact plaintiffs conceded by moving to stay the proceedings pending arbitration.[6] *Addington*, 606 F.3d at 1180. Accordingly, Count II must be dismissed for lack of subject matter jurisdiction because it is unripe for judicial review.

**D.   This Court Should Exercise its Discretion to Decline to Hear Plaintiffs' Declaratory Judgment Claims**

It is a "well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court." *Huth*, 298 F.3d at 803. Accordingly, in "the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S.

---

[6] *See* Pls.' Mot. to Compel Arbitration and Stay the Pending Litigation, No. 3:12-cv-02987 (S.D. Cal. Mar. 6, 2013) (Dkt. No. 11-1).

at 288. For example, a district court may decline to hear declaratory judgment claims based on "the availability and relative convenience of other remedies" or to "avoid duplicative litigation." *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 & n.5 (9th Cir. 1998) (*en banc*). Here, even if the Court were to find that it has subject matter jurisdiction over the two declaratory judgment Counts in plaintiffs' complaint, wise judicial administration counsels against entertaining those claims.

As discussed above, plaintiffs concede that the parties' impending arbitration will effectively resolve all the issues raised in both Counts of the complaint. It is self-evident that no judicial declaration of arbitrability is required from this Court (as requested in Count I) when the parties have unequivocally agreed to arbitrate the licensing disputes arising from the 1996 Agreement. As for Count II, which seeks a declaratory judgment that plaintiffs' AuthentiFiler™ products are licensed under the '984 patent, plaintiffs have conceded that the arbitration will address that claim as well. *See* Plf. IIPH's Mot. to Compel Arbitration, Dkt. 11-1 at 14; *supra* at § III(C).

Furthermore, as explained in Promega's Rule 1404(a) motion to transfer venue, IIPH filed this declaratory judgment action to preempt Promega, as a "natural plaintiff," from filing a direct enforcement action in the forum of Promega's choosing. Courts routinely dismiss declaratory judgment actions that have been "artfully plead" so as to deprive a natural plaintiff of its choice of forum. *See, e.g., Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (holding that "[w]here, as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later" and affirming dismissal); *First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*, CIV. 97-1069-R, 1997 WL 579165, at *2, *3 (S.D. Cal. July 21, 1997) (noting that "numerous courts have acknowledged the appropriateness of declining to hear an action for declaratory relief that was filed in anticipation of another federal suit" and refusing to "countenance such preemptive

forum shopping"); *Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*, 793 F. Supp. 233, 237 (C.D. Cal. 1992) (finding that where Plaintiff "artfully filed [declaratory judgment] action as a preemptive maneuver in anticipation of his defense and in order to seize a California forum, this Court hereby exercises its discretion to dismiss this action."). This Court should thus dismiss this declaratory judgment action in order to conserve judicial resources and avoid duplicative proceedings.

## IV. CONCLUSION

For all of the forgoing reasons, Promega respectfully requests that this Court dismiss the complaint for lack of subject matter jurisdiction or, alternatively, exercise its discretion to decline to hear plaintiffs' declaratory judgment claims.

DATED: April 12, 2013           **PERKINS COIE LLP**

By: *s/ Evan S. Day*
Evan S. Day, Bar No. 283896
11988 El Camino Real, Suite 200
San Diego, CA 92130-3334
Telephone: 858.720.5700
Facsimile: 858.720.5799

John S. Skilton, *Pro Hac Vice*
David J. Harth, *Pro Hac Vice*
David L. Anstaett, *Pro Hac Vice*
One East Main Street, Suite 201
Madison, WI 53703
Telephone: 608.663.7460
Facsimile: 608.663.7499

Attorneys for Defendant
PROMEGA CORPORATION